UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TEODOZJA PRESTO, ANDRZEJ MAZUREK, and STANISLAUS MAZUREK, | ) ) ) ) | 3:23-CV-668 (SVN) |
| *Plaintiffs*, | ) ) | |
| v. | ) ) | |
| CHARLES PRESTO, EXECUTOR OF THE ESTATE OF WILLIAM PRESTO, CHARLES PRESTO, INDIVIDUALLY | ) ) ) | November 6, 2024 |
| *Defendant*. | ) | |

**ORDER AWARDING ATTORNEY'S FEES AND COSTS**

Sarala V. Nagala, United States District Judge.

Plaintiffs Teodozja Presto, Andrzej Mazurek, and Stanislaus Mazurek, sued Defendant Charles Presto, both individually and as executor of the estate of Robert Presto, in Connecticut Superior Court for vexatiously instituting litigation against them related to the disposition of family property. Defendant twice removed the action to federal court, and it was twice remanded to Connecticut Superior Court, for lack of federal subject matter jurisdiction. *See* ECF Nos. 20, 31. As part of the most recent remand Order, the Court determined that Plaintiffs are entitled to reimbursement of reasonable attorney's fees and costs expended in litigating the second remand motion because Defendant's purported bases for removal were objectively unreasonable. ECF No. 31. Plaintiffs seek a total of $9,821.33, consisting of $9,208.33 in fees and $613 in expenses. This amount, however, seeks double recovery of fees and expenses incurred in litigating a remand motion in another case on the Court's docket, *Mazurek v. Presto*, D. Conn. No. 3:24-cv-241 (SVN); the accounting also suffers from other deficiencies. For the following reasons, the Court awards Plaintiffs a reduced amount of fees ($3,150) and no expenses.

1

I. BACKGROUND

Plaintiffs originally filed this action in Connecticut Superior Court on April 17, 2023, seeking damages for allegedly vexatious litigation Defendant had initiated against them in 2017. *See* Not. Removal, ECF No. 1 at 12–15. Defendant filed a timely notice of removal in May of 2023, claiming that the federal court had both diversity and federal question jurisdiction. *Id.* at 1. Following Plaintiffs' motion to remand, the Court (Bryant, J.), remanded the case to state court, holding that the federal court lacked subject matter jurisdiction over the state common law and statutory vexatious litigation claims brought in the complaint. ECF No. 20.

More than a year later, Defendant again removed the action to federal court, attaching Plaintiffs' amended complaint dated May 17, 2024, which likewise alleged only state common law and statutory vexatious litigation claims. ECF No. 25. Plaintiffs once again moved to remand, and the Court once again remanded the case. ECF No. 31. In holding that the case should be remanded, the Court noted that there was no federal question jurisdiction because Plaintiffs brought only state law claims. *Id.* The Court further recognized that the Defendant's claim that his rights under the First and Fourteenth Amendments were violated could not serve as the basis of federal question jurisdiction, as federal question jurisdiction must appear in the plaintiff's complaint. *Id.* (citing cases). The Court also found there was no diversity jurisdiction because complete diversity was lacking. *Id.* Finally, the Court granted Plaintiffs' request to require Defendant to pay Plaintiffs' costs and expenses, including attorney's fees, incurred in moving to remand the case to Connecticut Superior Court the second time, because Defendant's bases for removal were objectively unreasonable. *Id.*; 28 U.S.C §1447(c). In granting Plaintiffs' request, the Court retained limited jurisdiction to decide the appropriate costs and expenses to award under §1447(c). ECF No. 31.

2

Plaintiffs filed an accounting of fees and expenses incurred in response to removal, ECF No. 34-1, to which Defendant responded, ECF No. 35. Defendant's response focused on the merits of the case, not the fees and costs sought. *See id.* The Court now orders as follows.

## II. LEGAL STANDARD

As a general matter, the "starting point" in analyzing whether claimed attorney's fees are appropriate is the lodestar. *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011). The "lodestar" is "the product of a reasonable hourly rate and the reasonable number of hours required by the case." *Id.*

"The reasonable hourly rate is the rate a paying client would be willing to pay." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 190–91 (2d Cir. 2008). In calculating the reasonable hourly rate, the Court applies a presumption in favor of calculating fees based on the prevailing rates in the forum in which the litigation was brought. *See Kyros Law P.C. v. World Wrestling Enter., Inc.*, 78 F.4th 532, 547 (2d Cir. 2023). Thus, "[w]hen an attorney's requested hourly rate is higher than rates found to be reasonable in the relevant market, it is within the Court's discretion to reduce the requested rate." *Yuajian Lin v. La Vie En Schezuan Rest. Corp.*, No. 15-cv-9507 (DF), 2020 WL 1819941, at *2 (S.D.N.Y. Apr. 9, 2020) (citing *Savino v. Computer Credit, Inc.*, 164 F.3d 81, 87 (2d Cir. 1998)).

As for the reasonableness of the hours expended, a district court must conduct "a conscientious and detailed inquiry into the validity of the representations that a certain number of hours were usefully and reasonably expended." *Lunday v. City of Albany*, 42 F.3d 131, 134 (2d Cir. 1994). A party may "satisf[y] his burden by providing detailed itemization of the hours expended reconstructed through contemporaneous billing records." *Hernandez v. Berlin Newington Assocs., LLC*, No. 3:10-cv-1333 (VLB), 2016 WL 5339720, at *5 (D. Conn. Sept. 22,

3

2016). Counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

Adjustments to the lodestar calculation "are appropriate only in 'rare circumstances,' because the 'lodestar figure [already] includes most, if not all, of the relevant factors constituting a reasonable attorney's fee.'" *Millea*, 658 F.3d at 167 (quoting *Perdue v. Kenny A ex rel. Winn*, 559 U.S. 542, 533–54 (2011)). For example, "'[t]he novelty and complexity of a case generally may not be used as a ground for [adjusting the lodestar]' because they are already included in the lodestar calculation itself, being 'fully reflected in the number of billable hours recorded by counsel.'" *Id.* (quoting *Perdue*, 559 U.S. at 553). Similarly, "the quality of an attorney's performance generally should not be used to adjust the lodestar because considerations concerning the quality of a prevailing party's counsel's representation normally are reflected in the reasonable hourly rate." *Id.* (same).

The party seeking fees bears the burden of demonstrating that its request is reasonable and must provide the Court with enough information to assess its application. *Evans v. State of Conn.*, 967 F. Supp. 673, 691 (D. Conn. 1997) ("The burden is on the fee applicant to produce satisfactory evidence, in addition to the attorney's own affidavits, showing that the requested rates are in line with those prevailing in the community for similar services."); *Hernandez*, 2016 WL 5339720, at *5 (finding party satisfied burden by producing contemporaneous billing records). In addition to evidence adduced by counsel, "[a] district court may take judicial notice of the rates awarded in similar cases and may rely on its own familiarity with the rates prevailing in the district." *Hernandez*, 2016 WL 5339720, at *3.

### III. DISCUSSION

For the following reasons, the Court finds that Plaintiffs are entitled to a reduced amount of attorney's fees sought and no expenses.

First, the Court notes that Plaintiffs appear to seek compensation in this action for attorney's fees and costs incurred in litigating a motion to remand in another case pending before the Court, D. Conn. No. 3:24-cv-241 (SVN). Invoice #5994, dated April 29, 2024, is duplicative of an invoice submitted in support of an award of attorney's fees and costs in Case No. 3:24-cv-241 and concerns work in that action that entirely predates the filing of the second notice of removal in this action. *See* ECF No. 34-1 at 3–5. The Court has separately awarded fees and costs in that action. *See* Order, ECF No. 24, D. Conn. No. 3:24-cv-241 (SVN). Therefore, the Court does not consider the attorney's fees ($4,575) and costs ($613) detailed in Invoice #5994 in this action to be properly sought here.

Second, while Plaintiffs indicate in their brief that senior partner Attorney Peter V. Lathouris has expended at least three hours of work on this matter, ECF No. 34 at 4, the billing records submitted do not substantiate this claim. *See* ECF No. 34-1 at 1–2. Rather, the billing records include only time expended by Attorney Elizabeth Nesheiwat. *See id.* The Court therefore examines only whether Attorney Nesheiwat's hourly rate and hours expended are reasonable.

Plaintiffs' motion, however, does not justify why the hourly rate for Attorney Nesheiwat is reasonable, aside from a conclusory statement that Plaintiffs' counsel "bills a reasonable rate in line with the prevailing rate in this community for attorneys with similar years of experience and comparable skill, practice, and reputation." ECF No. 34 at 4. In particular, the motion provides no information about the level of experience of Attorney Nesheiwat, aside from stating that she is a junior associate, making it difficult to assess whether her billing rate of $250 per hour is

5

reasonable. *See, e.g., Wan v. YWL USA Inc.*, No. 18-cv-10334 (CS), 2021 WL 1905036, at *5 (S.D.N.Y. May 12, 2021) (recognizing that, in labor cases, rates for associates in excess of $225 per hour are reserved for litigators with more than three years' experience) (citations omitted). Since Plaintiffs' submission fails to explain Attorney Nesheiwat's level of experience, but states only that she is a "junior associate," the Court finds that a rate of $225 per hour for her services is more reasonable than $250 per hour.

With respect to the reasonableness of the hours expended by Attorney Nesheiwat, the Court notes that the billing records include time expended on tasks for this case that appear unrelated to the motion for remand. *See* ECF No. 34-1 at 1. For instance, Attorney Nesheiwat has recorded 1.5333 hours on August 19, 2024, related to "Defendant's Answer and Motion for More Definite Statement; case law research re: same and appearance on behalf of estate." Likewise, she has recorded 1.1833 hours on August 20, 2024, related to "Motion for clarification; motion for stay; case law research in support of objection." These tasks appear directed at motions other than the motion for remand, which is the only motion as to which an award of fees is authorized. Indeed, the motions mentioned in these billing entries, which were filed by Defendant in June and early July of 2023, were no longer pending on the dates Attorney Nesheiwat recorded working on them in August of 2024. Therefore, the Court does not believe awarding fees for this work is reasonable, and will subtract them from the hours it uses in the fee calculation. Aside from those entries, the Court finds that the remaining 14 hours expended by Attorney Nesheiwat on the motion to remand are reasonable. *See Rzasa v. BJ's Rests., Inc.*, No. 3:23-cv-140 (JBA), 2023 WL 3860457, at *4 (D. Conn. June 7, 2023) (awarding attorney's fees for up to 20.1 hours for litigating motions to remand).

Thus, the Court finds that Plaintiffs are entitled to attorney's fees in the amount of $3,150 (14 hours x $225 per hour).

The Court recognizes that it has discretion "to temper the amount to be awarded . . . by a balancing consideration of [a party's] ability to pay." *Oliveri v. Thompson,* 803 F.2d 1265, 1281 (2d Cir. 1986). Courts can reduce the amount of attorney's fees awarded based on a party's inability to pay the total amount due if the party demonstrates, with evidence, that payment of the full amount of fees would result in "real or extreme hardship." *See, e.g.*, *United States v. Hylton,* No. 3:11-cv-1543 JCH, 2013 WL 3927858, at *5 (D. Conn. July 26, 2013), *aff'd*, 590 F. App'x 13 (2d Cir. 2014) (examining information provided by non-prevailing party under oath and concluding that the party should be held responsible for only one-quarter of the fee award); *see also Seitzman v. Sun Life Assurance Co. of Canada*, 311 F.3d 477, 487–88 (2d Cir. 2002) (affirming reduction of fee award where the party had "sufficient capital to pay the fees in full," but was retired, lived on his savings, and suffered from a "chronic and expensive ailment").

While Defendant states that he was 75 years old when this case was originally filed, has been disabled since 2004, and underwent medical operations in 2017, ECF No. 35 at 2–3, he has neither argued that paying Plaintiffs' legal expenses would pose a real and extreme hardship to him nor provided any evidence that that is the case. His response focuses instead on the merits of the case. *See* ECF No. 35. Defendant paid the filing fee for this action and Case No. 3:24-cv-241. While he sought leave to appeal the Court's remand order in Case No. 3:24-cv-241 *in forma pauperis*, he represented in that motion only that the estate of William Presto has no funds to pay the appeal or afford counsel; he did not assert that, to the extent he is sued individually, he lacks financial resources. *See id.*, ECF No. 21 at 3. On the present record, the Court cannot find that paying the full amount of the fee award would pose a real and extreme hardship to Defendant.

7

## IV. CONCLUSION

For the reasons set forth in this Order, Defendant shall submit payment in the amount of $3,150 (money order or bank check) to Plaintiffs' counsel by **December 31, 2024**. Plaintiffs shall file a notice discussing Defendant's compliance with this Order within seven days of receipt of payment and, in no event, later than **January 7, 2025**.

**SO ORDERED** at Hartford, Connecticut, this 6th day of November, 2024.

 /s/ Sarala V. Nagala
SARALA V. NAGALA
UNITED STATES DISTRICT JUDGE